# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HRB WINDDOWN INC., *et al.,*[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 19-12689-BLS<br>Jointly Administered |
| ALAN D. HALPERIN, AS LIQUIDATING TRUSTEE OF THE HIGH RIDGE BRANDS CO. LIQUIDATING TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>ARAWAK IX, L.P., CLAYTON, DUBILIER & RICE, LLC, JOHN C. COMPTON, VINDI BANGA (A/K/A MANVINDER BANGA), KENNETH A. GIURICEO, GREGORY L. PASQUA, AND JAMES A. DANIELS,<br><br>     Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 21-51412-BLS<br><br><br><br>**Related Adv. D.I. 297, 298, 300, & 302** |

**DEFENDANTS' MOTION TO SEAL (I) DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF STEPHEN KEMPAINEN, (II) PORTIONS OF DECLARATION OF MATTHEW J. SORENSEN IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF STEPHEN KEMPAINEN, (III) DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (IV) PORTIONS OF DECLARATION OF MATTHEW J. SORENSEN IN SUPPORT OF <u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: High Ridge Brands Holdings, Inc. (5996); HRB Midco, Inc. (8170); HRB Buyer, Inc. (3945); HRB Winddown, Inc. (f/k/a High Ridge Brands Co.) (5871); GSI Winddown, Inc. (f/k/a Golden Sun, Inc.) (4712); CFL Winddown, Inc. (f/k/a Continental Fragrances, Ltd.) (2541); FCI Winddown, Inc. (f/k/a Freshcorp, Inc.) (3238); COC Winddown, LLC (f/k/a Children Oral Care, LLC) (disregarded entity for tax purposes); and DRF Winddown, LLC (f/k/a Dr. Fresh, LLC) (5167).

Defendants Arawak IX, L.P., Clayton, Dubilier & Rice, LLC, John C. Compton, Vindi Banga (a/k/a Manvinder Banga), Kenneth A. Giuriceo, Gregory L. Pasqua, and James A. Daniels (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this motion (the "Motion to Seal") for an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the filing under seal of (i) *Defendants' Memorandum of Law in Support of Their Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* (the "Motion to Exclude") [Adv. D.I. 297], (ii) Exhibits 1–11, 13, 16, and 18–26 to the *Declaration of Matthew J. Sorensen in Support of Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* [Adv. D.I. 298], (iii) portions of *Defendants' Memorandum of Law in Support of Their Motion for Partial Summary Judgment* [Adv. D.I. 300],[2] and (iv) Exhibits 1–6, 9–23, 25–27, 29, 31–33, 35–39, 41, 42, 45, 47, 49–52, and 54 to the *Declaration of Matthew J. Sorensen in Support of Defendants' Motion for Partial Summary Judgment* [Adv. D.I. 302] (collectively, the "Supporting Documents"). In support of this Motion to Seal, Defendants respectfully state as follows:

**<u>JURISDICTION</u>**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in *Defendants' Memorandum of Law in Support of Their Motion for Partial Summary Judgment*.

3.      On October 21, 2022, the above-captioned Plaintiff filed the *Second Amended Complaint* [Adv. D.I. 59-60] (the "Complaint") under seal. Defendants moved to dismiss the Complaint. Adv. D.I. 72. Dismissal was denied, and the case proceeded to discovery. Adv. D.I. 137. On April 12, 2024, Defendants filed their *Answer to Second Amended Complaint* to the Complaint under seal. Adv. D.I. 141.

4.      On October 27, 2025, the Court entered an order approving the parties' stipulation to dismiss Counts I, II, III, IX, XI, and XV of the Complaint. Adv. D.I. 288. On April 6, 2026— after the close of fact and expert discovery—the Court entered an order approving the parties' stipulation to dismiss Counts XII, XIII, and XIV of the Complaint. Adv. D.I. 295.

5.      On April 29, 2026, Defendants' filed *Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* [Adv. D.I. 296] and *Defendants' Motion for Partial Summary Judgment* ("Motion for Partial Summary Judgment") [Adv. D.I. 299], which seeks dismissal of Counts VI, VII, VIII, and X of the Complaint. The Supporting Documents were filed under seal contemporaneously therewith.

**RELIEF REQUESTED**

6.      By this Motion to Seal, the Defendants request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the filing of portions of the Supporting Documents under seal to keep their contents confidential and protected, and not made available to any person or entity other than the Court, the United States Trustee, the Plaintiff, and the Defendants.

7.      Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions of this title."  11 U.S.C. § 105(a).  Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the filing under seal to protect entities from potential harm that may result from the disclosure of certain confidential and/or proprietary information.  11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information.
>
> (2)      protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*Id*.

8.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

9.      Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion requesting such relief . . . ."  Del. Bankr. L.R. 9018-1(d).

10.      Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to

protect a requesting interested party and has no discretion to deny the application." *Id.*, 21 F.3d at 27. The resulting order should be broad (*i.e.*, "any order which justice requires"); *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. The "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

11. The Supporting Documents—including several exhibits to the declarations in support of the Motion to Exclude and Motion for Partial Summary Judgment—contain commercially and competitively sensitive business information concerning the Notes Offering and subsequent developments, including but not limited to the business strategy of the noteholders, relevant third-party banks, and the Defendants. Dissemination of such information, including dissemination to competitors, would undermine ongoing commercial efforts by the parties and such information should remain confidential.

12. Accordingly, for the reasons set forth herein, the Defendants respectfully submit that the relief requested in this Motion to Seal is appropriate and necessary under the circumstances.

13. In accordance with Local Rule 9018-1, the Defendants will file redacted versions of the Supporting Documents for public viewing contemporaneously herewith, except for the Motion to Exclude, which Defendants seek to seal in its entirety.

<u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1**</u>

Prior to filing this Motion to Seal, counsel for the Defendants and counsel for the Plaintiff conferred in good faith and agreed to the sealed and redacted portions of the Supporting Documents.

WHEREFORE, Defendants respectfully request that the Court enter an order, substantially in the form attached hereto on **<u>Exhibit A</u>**, granting the relief requested in the Motion to Seal and such further relief as is just and proper.

Dated:     May 4, 2026
            Wilmington, Delaware

BAYARD, P.A.

*/s/ Steven D. Adler*
Ericka F. Johnson (Del. Bar No. 5024)
Steven D. Adler (Del. Bar No. 6257)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email:   ejohnson@bayardlaw.com
          sadler@bayardlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
Mark P. Goodman
Erica S. Weisgerber
Zachary H. Saltzman
Matthew J. Sorensen
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Email:   mpgoodman@debevoise.com
          eweisgerber@debevoise.com
          zhsaltzman@debevoise.com
          mjsorensen@debevoise.com

*Counsel to Defendants Arawak IX, L.P., Clayton, Dubilier & Rice, LLC, John C. Compton, Vindi Banga (a/k/a Manvinder Banga), Kenneth A. Giuriceo, and Gregory L. Pasqua*