# EXHIBIT A

**Proposed Redacted Version of the Declaration**

| | |
|---|---|
| In re HRB WINDDOWN INC., *et al.*,<br><br>     Debtors. | Chapter 11<br>Case No. 19-12689-BLS<br>Jointly Administered |
| ALAN D. HALPERIN, AS LIQUIDATING TRUSTEE OF THE HIGH RIDGE BRANDS CO. LIQUIDATING TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>ARAWAK IX, L.P., CLAYTON, DUBILIER & RICE, LLC, JOHN C. COMPTON, VINDI BANGA (A/K/A MANVINDER BANGA), KENNETH A. GIURICEO, GREGORY L. PASQUA, AND JAMES A. DANIELS,<br><br>     Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 21-51412-BLS |

**DECLARATION OF MATTHEW J. SORENSEN IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF STEPHEN KEMPAINEN**

I, Matthew J. Sorensen, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am counsel for Defendants Arawak IX, L.P., Clayton, Dubilier & Rice, LLC ("CD&R"), John C. Compton, Vindi Banga (a/k/a Manvinder Banga), Kenneth A. Giuriceo, and Gregory L. Pasqua (collectively, the "CD&R Defendants") in the above-captioned adversary proceeding.

2. I submit this declaration in support of the *Defendants' Motion to Exclude the Expert Opinions and Testimony of Stephen Kempainen.*

3. Attached as Exhibit 1 is a true and correct copy of a March 27, 2017 email from G. Pasqua to J. Compton and K. Giuriceo attaching the March 29, 2017 High Ridge Brands ("HRB")

Operating Review, a document produced in this matter at CDR-HRB-00004811–CDR HRB-00004815.

4. Attached as <u>Exhibit 2</u> is a true and correct copy of a May 19, 2017 email from D. Secrest to the Barings High Yield team re: HRB's quarterly earnings report and call, a document produced in this matter at Barings-0015262–Barings-0015264.

5. Attached as <u>Exhibit 3</u> is a true and correct copy of a May 19, 2017 email from D. Wooden to the DDJ Investment Committee and others re: HRB's quarterly earnings report and call, a document produced in this matter at HRB-POLEN-00007129.

6. Attached as <u>Exhibit 4</u> is a true and correct copy of a May 22, 2017 email from J. Stewart to the Barings High Yield team attaching a Barings's May 2017 credit review of HRB, a document produced in this matter at Barings-0015359–Barings-0015377.

7. Attached as <u>Exhibit 5</u> is a true and correct copy of a May 25, 2017 email from J. Tenzer to N. Kalsi and others attaching S&P's May 25, 2017 revision of its outlook on the Notes, a document produced in this matter at BMO_00006369–BMO_00006379.

8. Attached as <u>Exhibit 6</u> is a true and correct copy of a May 18, 2017 email from J. Daniels to D. Talwar and others attaching HRB's March 2017 Investor Presentation script, a document produced in this matter at TCP-HRB-00035257–TCP-HRB-00035267.

9. Attached as <u>Exhibit 7</u> is a true and correct copy of an October 27, 2017 email from S. Carson to D. Mihalick and others re: HRB's quarterly earnings report and call, a document produced in this matter at Barings-0026634–Barings-0026635.

10. Attached as <u>Exhibit 8</u> is a true and correct copy of a November 8, 2017 email from D. Wooden to the DDJ Investment Committee re: a call with HRB management, a document produced in this matter at HRB-POLEN-00007133–HRB-POLEN-00007134.

11.     Attached as <u>Exhibit 9</u> is a true and correct copy of a November 29, 2017 email from Debtwire to D. Wooden re: S&P's downgrade of the Notes, a document produced in this matter at HRB-POLEN-00064843–HRB-POLEN-00064844.

12.     Attached as <u>Exhibit 10</u> is a true and correct copy of a May 7, 2018 email from J. Stewart to S. Feeley and others re: Moody's downgrade of the Notes, a document produced in this matter at Barings-0004861.

13.     Attached as <u>Exhibit 11</u> is a true and correct copy of a May 16, 2018 email from E. Schubert to J. Tenzer re: HRB's quarterly earnings report and call, a document produced in this matter at BMO_00008797–BMO_00008800.

14.     Attached as <u>Exhibit 12</u> is a true and correct copy of a document produced by the Trustee in this matter, Plaintiff's Deposition Exhibit 61, a May 16, 2018 High Ridge Brands lender presentation.

15.     Attached as <u>Exhibit 13</u> is a true and correct copy of a May 25, 2018 email from D. Wooden to J. Sherman and B. Santonelli forwarding a discussion of S&P's downgrading of the Notes, a document produced in this matter at HRB-POLEN-00000847–HRB-POLEN-00000849.

16.     Attached as <u>Exhibit 14</u> is a true and correct copy of a document produced by the Trustee in this matter, Plaintiff's Deposition Exhibit 63, an August 16, 2018 High Ridge Brands lender presentation.

17.     Attached as <u>Exhibit 15</u> is a true and correct copy of a document produced by the Trustee in this matter, Plaintiff's Deposition Exhibit 68, a November 16, 2018 High Ridge Brands lender presentation.

18.     Attached as <u>Exhibit 16</u> is a true and correct copy of an April 28, 2019 email from A. Allen to J. Hubert and others attaching a script for the next day's bondholder call, a document produced in this matter at CDR-HRB-00009901–CDR-HRB-00009940.

19.     Attached as <u>Exhibit 17</u> is a true and correct copy of a document produced by the Trustee in this matter, Plaintiff's Deposition Exhibit 69, an April 29, 2019 High Ridge Brands lender presentation.

20.     Attached as <u>Exhibit 18</u> is a true and correct copy of an April 29, 2019 email from A. Allen to G. Phelan attaching the Limited Waiver to the First Lien Credit Agreement, a document produced in this matter at TCP-HRB-00441321–TCP-HRB-00441642.

21.     Attached as <u>Exhibit 19</u> is a true and correct copy of a May 2, 2019 email from G. Phelan to A. Allen attaching a draft release from S&P regarding its downgrading of the Notes, a document produced in this matter at TCP-HRB-00046742–TCP-HRB-00046748.

22.     Attached as <u>Exhibit 20</u> is a true and correct copy of a May 3, 2019 email from J. Singh to A. Allen forwarding an email discussing S&P's downgrading of the Notes, a document in this matter at TCP-HRB-00046756–TCP-HRB-00046758.

23.     Attached as <u>Exhibit 21</u> is a true and correct copy of a November 14, 2019 email from B. Duggan to D. Wooden re: the downgrading of the Notes by S&P and Moody's, a document produced in this matter at HRB-POLEN-00063905–HRB-POLEN-00063906.

24.     Attached as <u>Exhibit 22</u> is a true and correct copy of excerpts of the transcript of the deposition of Doug Wooden, in his personal capacity and as the corporate designee of Polen Capital Credit, dated July 18, 2025.

25.     Attached as <u>Exhibit 23</u> is a true and correct copy of excerpts of the transcript of the deposition of Kenneth A. Giuriceo, dated July 8, 2025.

26. Attached as <u>Exhibit 24</u> is a true and correct copy of the Corrected Expert Rebuttal Report of Maureen Chakraborty, dated December 10, 2025.

27. Attached as <u>Exhibit 25</u> is a true and correct copy of the Expert Report of Stephen Kempainen, dated October 24, 2025.

28. Attached as <u>Exhibit 26</u> is a true and correct copy of excerpts of the deposition transcript of Stephen Kempainen, dated February 4, 2026.

29. Attached as <u>Exhibit 27</u> is a true and correct copy of Evan Gatev et al., *Pairs Trading: Performance of a Relative-Value Arbitrage Rule*, 19 REV. FIN. STUD. 797 (2006).

30. Attached as <u>Exhibit 28</u> is a true and correct copy of a February 16, 2026 email from Frank Griffin to Molly Baltimore Maass.

31. Attached as <u>Exhibit 29</u> is a true and correct copy of a March 23, 2026 letter from Gordon Z. Novod to Zachary H. Saltzman.

32. Attached as <u>Exhibit 30</u> is a true and correct copy of Jonathan Berk & Peter DeMarzo, CORPORATE FINANCE (6th ed. 2024), at 446–449, 1107.

Dated:  April 29, 2026
        New York, New York

*Matthew J. Sorensen*

Matthew J. Sorensen

66 Hudson Boulevard
New York, New York 10001
Tel: (212) 909-6000
Email: mjsorensen@debevoise.com

*Counsel to Defendants Arawak IX, L.P.,*
*Clayton, Dubilier & Rice, LLC, John C.*
*Compton, Vindi Banga (a/k/a Manvinder*
*Banga), Kenneth A. Giuriceo, and*
*Gregory L. Pasqua*

**EXHIBIT 1**

**FILED UNDER SEAL**

**EXHIBIT 2**

**FILED UNDER SEAL**

**EXHIBIT 3**


**FILED UNDER SEAL**

**EXHIBIT 4**


# FILED UNDER SEAL

**EXHIBIT 5**


**FILED UNDER SEAL**

**EXHIBIT 6**


**FILED UNDER SEAL**

**EXHIBIT 7**


# FILED UNDER SEAL

**EXHIBIT 8**


**FILED UNDER SEAL**

**EXHIBIT 9**


**FILED UNDER SEAL**

**EXHIBIT 10**


**FILED UNDER SEAL**

**EXHIBIT 11**


**FILED UNDER SEAL**

**EXHIBIT 12**



# Presentation to Lenders
*Quarter Ending March 31, 2018*

May 16, 2018

EXHIBIT
RX-61A



**High Ridge Brands**

*STRICTLY CONFIDENTIAL*

# Cautionary Statement

This presentation has been prepared by High Ridge Brands Co. ("High Ridge Brands" or the "Company") for the exclusive use of the party to whom the Company delivers this presentation (such party, together with its subsidiaries and affiliates, the "Recipient"). This presentation has been prepared solely for informational purposes. This presentation is a summary, and it is not complete. Statements contained herein describing documents and agreements are qualified in their entirety by reference to such documents and agreements. The Recipient should not construe the contents of this presentation as legal, tax, accounting or investment advice.

The presentation includes forward-looking statements. Forward-looking statements are not statements of historical fact and provide the Company's current expectations of forecasts of future events. Any forward-looking statements contained in this presentation reflect various estimates and assumptions by the Company at the time made. These "forward-looking statements" can be identified by the use of terms such as "may," "intend," "might," "will," "should," "could," "would," "expect," "believe," "estimate," "anticipate," "predict," "project," "potential," or the negative of these terms, and similar expressions. Although the Company believes that the expectations and views reflected in such statements are reasonable, such statements are subject to a number of assumptions, risks and uncertainties which may cause actual results, performance or achievements to be materially different from future results, performance or achievements expressed or implied by such forward-looking statements. Additionally, it is possible that others, including industry experts and applicable issuers, may disagree with such expectations, views and/or statements. Forward-looking statements, and the expectations and views reflected therein, expressed in this presentation may change at any time, without notice. In addition, the information contained in this presentation, including any forward-looking statements, speaks only as of the date hereof, and the Company undertakes no obligation to update any such information.

This presentation contains confidential material, non-public information and is the property of the Company. By accepting delivery of this presentation, the Recipient is deemed to have acknowledged and agreed that this presentation will be kept in strict confidence. The Recipient may not, without the express written consent of the Company, whether in whole or in part, publish, broadcast, reproduce, alter or tamper with in any way, or otherwise use any material contained in this presentation. Upon the written request of the Company, this presentation, any other documents or information furnished and any and all reproductions thereof and notes relating thereto will be promptly returned to the Company.

This presentation includes certain financial measures that were not prepared in accordance with U.S. generally accepted accounting principles ("GAAP"). The items excluded from these non-GAAP measures are important in understanding the Company's financial performance, and any non-GAAP measures presented should not be considered in isolation of, or as an alternative to, GAAP financial measures. Since these non-GAAP financial measures are not measures determined in accordance with GAAP, have no standardized meaning prescribed by GAAP and are susceptible to varying calculations, these measures, as presented, may not be comparable to other similarly titled measures of other companies.

This presentation is not an offer to sell or a solicitation of an offer to purchase, any securities to any person in any jurisdiction. This document is not intended for distribution to, or use in any jurisdiction or country where such distribution or use would be contrary to local law or regulation.



**\*STRICTLY CONFIDENTIAL\***

# Category trends continue in the first quarter

*12 weeks ended 3/24-3/25/18*

**$ billions**

## SKIN

| | Body Wash | Bar Soap | Liquid Hand Soap |
|---|---|---|---|
| $ billions | 0.5 | 0.3 | 0.2 |
| % PY | 3.4% | -3.1% | 4.2% |

## HAIR

| | Shampoo & Conditioner | Hair Color | Hair Treatment | Hair Spray | Hair Styling Misc. | Hair Gel | Mousse | Dry Shampoo | Hair Growth |
|---|---|---|---|---|---|---|---|---|---|
| $ billions | 1.1 | 0.4 | 0.2 | 0.2 | 0.1 | 0.1 | 0.0 | 0.0 | 0.0 |
| % PY | 1.4% | -1.8% | 1.6% | -4.6% | 5.3% | 0.2% | -1.2% | 23.6% | 2.3% |

## ORAL

| | Toothpaste | Mouthwash | Manual Toothbrush | Dental Floss/ Picks | Electric Brush & Refill | Battery Power Toothbrush | Misc. Accessories | Water Irrigator | Travel Kit / Toothbrush |
|---|---|---|---|---|---|---|---|---|---|
| $ billions | 0.6 | 0.3 | 0.2 | 0.1 | 0.1 | 0.1 | 0.0 | 0.0 | 0.0 |
| % PY | 1.3% | -0.5% | 0.6% | 2.2% | 2.9% | 2.3% | 8.8% | 17.6% | 1.4% |

Source: IRI MULO and Nielsen xAOC; includes Food/Grocery, Drug, Mass Merchandisers, Walmart, BJ's, Sam's, Dollar Stores (Dollar General, Family Dollar, Fred's Dollar), Military DECA (commissaries); **excludes** Amazon, all e-commerce, C-stores, Beauty retailers, Department Stores, Dollar Tree, 99 cents only & Costco; Hair/Skin IRI 12 weeks ended 3/25/18; Oral Care Nielsen 12 weeks ended 3/24/18



**\*STRICTLY CONFIDENTIAL\***

## Market Share Change

% pts vs. PY



SKIN (0.5%)

HAIR (0.3%)

ORAL 0.0%

## HRB Scans[1]

% PY



January

February

March

(7.2%)

(10.8%)

(11.7%)

1. Combines all HRB categories across Skin Cleansing, Hair Care and Oral Care
Source: IRI MULO and Nielsen xAOC; includes Food/Grocery, Drug, Mass Merchandisers, Walmart, BJ's, Sam's, Dollar Stores (Dollar General, Family Dollar, Fred's Dollar), Military DECA (commissaries); **excludes** Amazon, all e-commerce, C-stores, Beauty retailers, Department Stores, Dollar Tree, 99 cents only & Costco; Hair/Skin IRI 12 weeks ended 3/25/18; Oral Care Nielsen 12 weeks ended 3/24/18

**\*STRICTLY CONFIDENTIAL\***



High Ridge
Brands

# Q1 results as expected
*Pro forma, normalized*

| $M | Quarter Ended Mar 31, | | |
| --- | --- | --- | --- |
| | **2018** | **2017** | **Δ** |
| *(pro-forma)* | | | |
| Net Sales | 71.9 | 83.3 | (11.4) (13.7%) |
| Gross Profit | 18.6 | 25.7 | (7.1) (27.6%) |
| *Gross Margin* | *25.9%* | *30.8%* | *(4.9%)* |
| **Adjusted EBITDA** | **9.9** | **16.0** | **(6.1) (38.2%)** |
| *EBITDA Margin* | *13.7%* | *19.2%* | *(5.4%)* |

- EBITDA flat to previous quarter, down $6.1M or 38% to prior year
    - Net Sales hit hard by retailer shelf resets
        - Skin Cleansing -20.6% PY
        - Hair Care -14.9% PY
        - Oral Care -7.9% PY
    - Increased Discounts & Allowances as % Sales
    - Increased COGS as % Sales
        - Record high freight rates
        - Increased warehousing costs (space, unproductive case movement)
- EBITDA margin 545 bps worse than prior year but 206 bps better than previous quarter
    - Q4 year-end adjustment noise
    - Timing of A&P, Reduced G&A

Numbers presented above are Proforma, Normalized figures: excludes one-time normalizing adjustments; this view also excludes depreciation and step up charges recorded to Cost of Goods Sold; Adjusted EBITDA definition aligns with credit and indenture agreements (see detailed schedule on SyndTrak); Dr. Fresh sales prior to July 2017 integration "grossed up" for lack of list price tracking



**\*STRICTLY CONFIDENTIAL\***

# EBITDA Reconciliation

| (In thousands) | Three months ended March 31, 2017 | Three months ended March 31, 2018 | Twelve months ended March 31, 2017 | Twelve months ended March 31, 2018 |
|---|---|---|---|---|
| Net loss | $ (10,508) | $ (6,425) | $ (32,008) | $ (56,009) |
| Interest expense, net | 10,944 | 10,076 | 26,668 | 39,580 |
| Provision for income taxes | (6,671) | 985 | (5,089) | (100,204) |
| Provision for capital taxes | 109 | 74 | 326 | 399 |
| Depreciation and amortization | 3,413 | 3,077 | 9,148 | 13,185 |
| **EBITDA** | $ (2,714) | $ 7,787 | $ (956) | $ (103,049) |
| Pro forma adjustments for historical acquisitions(a) | 1,655 | - | 19,921 | - |
| Pro forma adjustments for historical disposals(b) | 35 | 8 | 125 | 16 |
| Acquisition fees(c) | 496 | (0) | 6,229 | (2,270) |
| Loss on early extinguishment of debt(d) | 12,690 | - | 15,354 | - |
| Non-cash impairment charges(e) | - | - | - | 139,300 |
| Non-cash compensation(f) | 188 | 158 | 22,276 | 376 |
| Other non-cash items(g) | - | 86 | - | 2,664 |
| Non-recurring adjustments(h) | 1,629 | 1,146 | 2,365 | 8,414 |
| Cost savings(i) | - | - | 60 | - |
| Consulting fees(j) | 264 | 258 | 845 | 1,112 |
| DR. Fresh acquisition synergies(k) | 1,750 | 439 | 7,000 | 4,189 |
| **Pro Forma Adjusted EBITDA** | $ 15,992 | $ 9,882 | $ 73,218 | $ 50,753 |

| Q1'18 | Other Non-cash | Non-Recurring |
|---|---|---|
| COGS | 93 | 540 |
| Selling, advertising & promotion | - | 29 |
| G & A | (7) | 677 |
| Gain On Sale | - | (100) |
| Total | 86 | 1,146 |

(a) Represents the pro forma operating results of DR. Fresh prior to its acquisition by the Company on December 29, 2016.
(b) Represents the disposal of Pro Forma EBITDA from seven brands divested by High Ridge in November 2015. Although the seven brands were divested in November 2015, for the fiscal years June 30, 2016 and 2017, High Ridge honored outstanding promotional offers related to the sold brands.
(c) Represents (i) one-time legal and professional transaction fees primarily related to the acquisition of DR. Fresh, (ii) fair value adjustments related to DR. Fresh contingent consideration.
(d) Represents the add back of a non-recurring loss related to the early extinguishment of debt as a result of the March 2017 sale of $250.0 million of senior unsecured notes.
(e) Represents non-cash impairment charges against certain High Ridge indefinite-lived assets.
(f) Represents the add back of non-cash compensation expense related to incentive units held by management.
(g) Represents the add back of certain non-cash charges, primarily related to the sale of office equipment.
(h) Represents non-recurring adjustments primarily related to the (i) one-time severance payment primarily to V.P. of Operations, Head of Sales and Marketing and Chief Executive Officer, (ii) one-time recruiting fees primarily for the new Chief Marketing Officer, Chief Sales Officer and Chief Executive Officer, (iii) add back of bad debt and excess and obsolete inventory reserves, (iv) change in accounting estimate for trade reserves.
(i) Represents estimated cost savings primarily related to a new supply agreement for surfactants.
(j) Represents the add-back of annual shareholder management fees and expenses.
(k) Represents estimated synergies as a result of the DR. Fresh acquisition.

6



**\*STRICTLY CONFIDENTIAL\***

# Leverage & Liquidity

## Leverage

Net Debt/ Adjusted EBITDA:
- 3/31/2017: 6.5
- 6/30/2017: 6.5
- 9/30/2017: 7.1
- 12/31/2017: 8.3
- 3/31/2018: 9.5

Legend: Net Debt/ Adjusted EBITDA

## Covenant Compliance

1st Lien Net Debt/ Adjusted EBITDA | Max Covenant:
- 3/31/2017: 3.0 | 6.0
- 6/30/2017: 3.1 | 6.0
- 9/30/2017: 3.4 | 5.8
- 12/31/2017: 3.9 | 5.8
- 3/31/2018: 4.6 | 5.8

Legend: 1st Lien Net Debt/ Adjusted EBITDA; Max Covenant

## Liquidity

Cash | Undrawn Revolver | Total:
- 3/31/2017: 5 | 43 | 48
- 6/30/2017: 4 | 43 | 47
- 9/30/2017: 2 | 37 | 39
- 12/31/2017: 4 | 41 | 45
- 3/31/2018: 6 | 26 | 32

Legend: Cash; Undrawn Revolver

Numbers presented above are Proforma, Normalized figures: includes pre-acquisition activity related to Continental Fragrances and DR. Fresh acquisitions and excludes one-time normalizing adjustments; this view also excludes depreciation and step up charges recorded to Cost of Goods Sold; Adjusted EBITDA definition aligns with credit and indenture agreements (see detailed schedule on SyndTrak)

 **High Ridge Brands**

**\*STRICTLY CONFIDENTIAL\***

# 2018 Heat Map

| | | Q1 | Q2 | Q3 | Q4 |
|---|---|---|---|---|---|
| **Prior Year Decisions** | Sku Discos | | | | |
| | O/I Investments | | | | |
| | Warehousing | | | | |
| **Market-Driven** | Commodity Pricing | | | | |
| | Freight | | | | |
| | Order Cuts | | | | |
| **Key Management Initiatives** | Sales Execution | | | | |
| | Retailer White Space | | | | |
| | Innovation Sales | | | | |
| | Trade Productivity | | | | |
| | Re-Sourcing Initiatives | | | | |
| | A&P/R&D Innovation | | | | |
| | Staffing Investments | | | | |
| | Other G&A Savings | | | | |
| | WC Improvement | | | | |
| | Inventory Build Innovation | | | | |
| | Maine Pointe SCO | TBD | TBD | TBD | TBD |



**Strengthen the Core**

**First to Mass**

**Optimize Mix**





Q&A