UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>HRB WINDDOWN INC., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12689-BLS<br><br>Jointly Administered |
| ALAN D. HALPERIN, AS LIQUIDATING TRUSTEE OF THE HIGH RIDGE BRANDS CO. LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ARAWAK IX, L.P., CLAYTON, DUBILIER & RICE, LLC, JOHN C. COMPTON, VINDI BANGA (A/K/A MANVINDER BANGA), KENNETH A. GIURICEO, GREGORY L. PASQUA, AND JAMES A. DANIELS,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 21-51412-BLS<br><br>**Related Adv. D.I. 311, 312, 313, 314, 315, 316, 317** |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL (I) PLAINTIFF'S
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF STEPHEN
KEMPAINEN, (II) THE DECLARATION OF STEPHEN KEMPAINEN IN
SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS
AND TESTIMONY OF STEPHEN KEMPAINEN, (III) PORTIONS OF
PLAINTIFF'SMEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND
(IV) PORTIONS OF DECLARATION OF GORDON Z. NOVOD IN
OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DEFENDANTS' MOTION TO EXCLUDE EXPERT
<u>OPINIONS AND TESTIMONY OF STEPHEN KEMPAINEN</u>**

---

[1]  The term "Debtors" as used in this Motion shall mean the following debtors in the above-referenced chapter 11 cases (the "Chapter 11 Cases"): High Ridge Brands Holdings, Inc.; HRB Midco, Inc.; HRB Buyer, Inc.; HRB Winddown, Inc. (f/k/a High Ridge Brands Co.) ("HRB Co."); GSI Winddown, Inc. (f/k/a Golden Sun, Inc.); CFL Winddown, Inc. (f/k/a Continental Fragrances, Ltd.); FCI Winddown, Inc. (f/k/a Freshcorp, Inc.); COC Winddown, LLC (f/k/a Children Oral Care, LLC); and DRF Winddown, LLC (f/k/a Dr. Fresh, LLC).

1

Plaintiff Alan D. Halperin, as Trustee ("Plaintiff") of the High Ridge Brands Liquidating Trust, by and through his undersigned counsel, respectfully submit this motion (the "Motion to Seal") for an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the filing under seal of (i) *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* [Adv. D.I. 311] ("Opposition to the Motion to Exclude"), (ii) the *Declaration of Stephen Kempainen in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* (the "Kempainen Declaration"), [Adv. D.I. 312], (iii) portions of *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment*, in original form and as corrected [Adv. D.I. 313, 316] ("Opposition to the Motion for Partial Summary Judgment"), and (iv) portions of *Declaration of Gordon Z. Novod in Opposition to Defendants' Motion for Partial Summary Judgment and Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen*, in original form and as amended [Adv. D.I. 315, 317] (collectively, the "Supporting Documents"). In support of this Motion to Seal, Defendants respectfully state as follows:

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

3. On October 21, 2022, the above-captioned Plaintiff filed the *Second Amended Complaint* [Adv. D.I. 59-60] (the "Complaint") under seal. Defendants moved to dismiss the Complaint. Adv. D.I. 72. Dismissal was denied, and the case proceeded to discovery. Adv. D.I. 137. On April 12, 2024, Defendants filed their *Answer to Second Amended Complaint* to the Complaint under seal. Adv. D.I. 141.

4. On October 27, 2025, the Court entered an order approving the parties' stipulation to dismiss Counts I, II, III, IX, XI, and XV of the Complaint. Adv. D.I. 288. On April 6, 2026— after the close of fact and expert discovery—the Court entered an order approving the parties' stipulation to dismiss Counts XII, XIII, and XIV of the Complaint. Adv. D.I. 295.

5. On April 29, 2026, Defendants filed *Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen* [Adv. D.I. 296] ("Motion to Excluded") and *Defendants' Motion for Partial Summary Judgment* ("Motion for Partial Summary Judgment") [Adv. D.I. 299], which seeks dismissal of Counts VI, VII, VIII, and X of the Complaint.

6. On May 4, 2026, Defendants filed *Defendants' Motion to Seal (i) Defendants' Memorandum of Law in Support of Their Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen (ii) Portions of Declaration of Matthew J. Sorensen in Support of Defendants' Motion to Exclude Expert Opinions and Testimony of Stephen Kempainen; (iii) Defendants' Memorandum of Law in Support of their Motion for Partial Summary Judgment and (iv) Portions of Defendants' Motion for Partial Summary Judgment* ("Defendants' Motion to Seal").

7. On May 5, 2026, the Court granted Defendants' Motion to Seal

8. On June 4, 2026, Plaintiff filed his (i) Opposition to Defendants' Motion to Exclude [Adv. D.I. 311], (ii) the Declaration of Stephen Kempainen in Support of Plaintiff's Opposition to

Defendants' Motion to Seal and exhibits [Adv. D.I. 312], (iii) Opposition to Defendants' Motion for Partial Summary Judgment [Adv. D.I. 313], and (iv) Declaration of Gordon Z. Novod with the Supporting Documents [Adv. D.I. 315]. All of these documents were filed under seal.

9. On June 5, 2026, Plaintiff filed his (i) Corrected Opposition to Defendants' Motion for Partial Summary Judgment [Adv. D.I. 316] and (ii) Amended Declaration of Gordon Z. Novod with the Supporting Documents [Adv. D.I. 317]. These documents were also filed under seal

## RELIEF REQUESTED

10. By this Motion to Seal, Plaintiff requests entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the filing under seal of (i) Plaintiff's Opposition to the Motion to Exclude, (ii) the Kempainen Declaration with supporting exhibits, (iii) portions of Plaintiff's Corrected Opposition to the Motion for Partial Summary Judgment and (iv) portions of the Amended Declaration of Gordon Z. Novod and Supporting Documents, so as to keep their contents confidential and protected, and not made available to any person or entity other than the Court, the United States Trustee, the Plaintiff, and the Defendants. Plaintiff also requests that the Court seal the originally filed versions of (i) Plaintiff's Opposition to Defendants' Motion for Summary Judgment and (ii) Declaration of Gordon Z. Novod with Supporting Documents in light of the fact that there will be publicly available versions of both corrected documents.

11. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the filing under seal to protect entities from potential harm that may result from the disclosure of certain confidential and/or proprietary information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

3

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

12.     Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own, the court may, with or without notice, issue any order that justice requires to: (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

13.     Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-1(d).

14.     Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.*, at 27. The resulting order should be broad (i.e., "any order which justice requires"); *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper

purposes." *Orion Pictures*, 21 F.3d at 27. The "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

15. The Opposition to the Motion to Exclude, the Kempainen Declaration with supporting exhibits, portions of the Corrected Opposition to the Motion for Partial Summary Judgment and portions of the Amended Novod Declaration and the Supporting Documents contain commercially and competitively sensitive business information concerning the Notes Offering and subsequent developments, including but not limited to the business strategy of the noteholders, relevant third-party banks, the Defendants, Polen Capital Credit (f/k/a DDJ Capital Management LLC) ("DDJ") and Barings LLC ("Barings") (together, the "Noteholders"). Dissemination of such information, including dissemination to competitors, would undermine ongoing commercial efforts by the parties, DDJ, Barings, and BMO and such information should remain confidential.

16. Accordingly, for the reasons set forth herein, Plaintiff respectfully submits that the relief requested in this Motion to Seal is appropriate and necessary under the circumstances.

17. In accordance with Local Rule 9018-1, Plaintiff will file redacted versions of the Corrected Opposition to the Motion for Partial Summary Judgment [Adv. D.I 316] and redacted versions of the Amended Declaration of Gordon Z. Novod and Supporting Documents [Adv. D.I. 317] for public viewing contemporaneously herewith, sealing only Supporting Documents 5, 28, 30, 34-37, 50, 53-54, 56, 62-69, 71, 74, and 78-79.

18. In light of the fact that redacted versions of both the (i) Corrected Opposition to Defendants' Motion for Partial Summary Judgment and (ii) Amended Declaration of Gordon Z. Novod with Supporting Documents will be publicly available, Plaintiff also seeks to seal in their entirety the originally filed Opposition to the Motion to Defendants' Motion for Partial Summary

Judgment [Adv. D.I. 313] and (ii) the originally-filed version of the Declaration of Gordon Z. Novod with Supporting Documents [Adv. D.I. 315].

### <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1</u>

19.     Prior to filing this Motion to Seal, counsel for Plaintiff and counsel for the Defendants conferred in good faith and agreed to the sealed and redacted portions of the Opposition to the Motion for Partial Summary Judgment and the Supporting Documents for public viewing contemporaneously herewith, and agreed to Plaintiff's request to seal in their entirety the Opposition to the Motion to Exclude and the Kempainen Declaration with supporting exhibits.

20.     Prior to filing this Motion to Seal, counsel for Plaintiff and counsel for Barings conferred in good faith and Barings agreed to waive its designation of confidentiality as to certain Supporting Documents which were produced by Barings in this adversary proceeding.

21.     Lastly, prior to filing this Motion to Seal, counsel for Plaintiff and counsel for Bank of Montreal (a/k/a BMO) conferred in good faith and BMO agreed to waive its designation of confidentiality as to certain Supporting Documents which were produced by BMO in this adversary proceeding.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto on Exhibit A, granting the relief requested in the Motion to Seal and such further relief as is just and proper.


[remainder of page intentionally left blank]

Dated: June 9, 2026

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By: */s/ Vivek Upadhya*
Vivek Upadhya (DE Bar No. 6241)
123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax: 302-622-7100
vupadhya@gelaw.com

**BOIES SCHILLER FLEXNER LLP**
Gordon Z. Novod (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
212-446-2352
gnovod@bsfllp.com

Frank H. Griffin (Delaware Bar No. 7318)
1401 New York Avenue
Washington, DC 20005
212-446-2347
fgriffin@bsfllp.com

*Special Counsel for Alan D. Halperin as Trustee of
the High Ridge Brands Liquidating Trust*